Joseph Pia, joe.pia@padrm.com (9945)
Tyson B. Snow tsnow@padrm.com (10747)
Fili Sagapulete fili@padrm.com (13348)
PIA ANDERSON DORIUS REYNARD & MOSS, LLC
222 South Main Street, Suite 1830
Salt Lake City, Utah 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010
E-mail: joe.pia@padrm.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IBOATS, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHOPLIO, INC., a Georgia Corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Civil No. _____<br><br>Judge _____ |

Plaintiff iboats, Inc. ("Plaintiff"), through its undersigned counsel, makes and files this Complaint for permanent injunctive relief and damages against Defendant Shoplio, Inc. ("Defendant"). In support of this Complaint, Plaintiff alleges as follows:

**NATURE OF COMPLAINT**

1. This is a civil action for federal trademark and service mark infringement in violation of the Lanham Act; cybersquatting in violation of the Anticybersquatting Consumer Protection Action; unfair competition under Utah's Unfair Competition Act; and unfair competition under Utah common law.

## PARTIES

2.      Plaintiff iboats, Inc. ("Plaintiff") is a Nevada corporation with its principal place of business at 170 West Election Road, Draper, Utah 84020.  Plaintiff's principal business involves the sale and provision of boating-related parts, equipment, and accessories throughout the world through its online presence, www.iboats.com.

3.      Defendant Shoplio, Inc. ("Defendant"), is a Georgia corporation with its principal place of business at 996 Huff Road NW, Suite D, Atlanta, Georgia 30318.  Defendant's principal business involves the sale and provision of boating-related covers through its online presence, www.iboatcovers.com.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a), as the case arises under the trademark laws of the United States.

5.      The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because all parties are diverse and the amount in controversy exceeds $75,000.

6.      The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) as the state law claims are joined with a substantial and related claim under the trademark laws of the United States.

7.      Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over all other claims, including state law claims, asserted by Plaintiff, as all claims asserted by Plaintiff form part of the same case or controversy.

8. Defendant is subject to personal jurisdiction in the State of Utah (this "State"), consistent with the principles of due process and the Utah Long Arm Statute, because Defendant has offered and continue to offer their products for sale in this State, have transacted business and continue to transact business in this State, and/or have placed products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

9. Such infringing products have been offered for sale and sold in this State through Defendant's website, including, but not limited to:  www.iboatcovers.com.

10. Venue is proper under 28 U.S.C. § 1391(b).

## INTRODUCTION AND GENERAL ALLEGATIONS

11. Plaintiff owns the largest full-featured marine-related Internet site in North America, www.iboats.com, serving both recreational boaters and marine businesses.  For tens of millions of recreational boaters, and fishing and water-sports enthusiasts worldwide, Plaintiff offers the largest selection of boating-related e-commerce purchasing opportunities online, including over 95,000 boat covers for over 600 boat manufacturers.

12. Plaintiff's robust online presence and website www.iboats.com, includes many links and sub-web addresses incorporating the iboats trademark including boatcovers.iboats.com.

13. Defendant operates an online boating cover store, www.iboatcovers.com, through which Defendant markets and sells boating covers to consumers on the Internet.

14. Defendant's web address www.iboatcovers.com is confusingly similar to Plaintiff's marks and webaddress boatcovers.ibots.com.

3

15. Plaintiff is the owner of a Federal Trademark Registration for the service mark "iboats" (Serial No. 85427025, attached hereto as Exhibit A). Plaintiff has used the mark in commerce since at least 1998.

16. Plaintiff is the owner of a Federal Trademark Registration for the service mark "iboats.com" (Serial No. 85427072, attached hereto as Exhibit B). Plaintiff has used the mark in commerce since at least 1998.

17. As the owner of the registered marks referenced above, Plaintiff has the exclusive right to use the registered marks in commerce in connection with the goods and/or services specified in the Trademark Registrations.

18. Plaintiff has the right to protect its registered marks, to market and sell boating-related goods and services through the use of its registered marks, and to prevent others from unjustifiably profiting from the unauthorized use of its registered marks or the goodwill associated with its marketing and sales activities.

19. Since 1998, when Plaintiff first began use of the "iboats" and "iboats.com" marks, Plaintiff's marks have been prominently used and promoted through extensive advertising, marketing and sales of goods and/or services related to the boating and marine industry. Plaintiff has expended considerable time, resources, and effort in promoting the "iboats" and "iboats.com" marks in connection with its products and services and has developed substantial goodwill associated with the marks. Plaintiff has and continues to expend significant amounts of money and capital resources to promote these marks, ensure their proper use, and enjoin unlicensed and inappropriate uses. Plaintiff's marks have become invaluable assets of

Plaintiff, serving as a symbol of the quality goods and/or services provided by Plaintiff and of Plaintiff's goodwill.

## DEFENDANT'S ILLEGAL ACTS

20. On or about April 16, 2012, Defendant registered the domain name: www.iboatcovers.com.

21. Defendant registered the domain name knowing that the marks "iboats" and "iboats.com" belonged to Plaintiff.

22. The www.iboatcovers.com domain name misappropriates Plaintiff's "iboats" and "iboats.com" marks.

23. Defendant has improperly linked its domain name to Plaintiff's marks "iboats" and "iboats.com" such that Defendant's domain name www.iboatcovers.com appears as a highlighted sponsored link on results pages from searches using Plaintiff's marks "iboats" and "iboats.com" on Internet search engines such as Google, Yahoo, and Bing.

24. As a result, many of Plaintiff's present and potential consumers have been and will continue to be redirected to Defendant's competing website www.iboatcovers.com.

25. In other words, Defendant is using Plaintiff's marks to sell its own competing products.

26. Defendant has also blocked Plaintiff's IP address from access to Defendant's infringing website, such that any attempt by Plaintiff to access Defendant's website redirects Plaintiff to a parked domain name, www.eboatcovers.com.

27. Defendant's behavior demonstrates that Defendant has knowledge of Plaintiff's registered marks, and has used, and intends to continue its improper use of Plaintiff's registered marks to market and sell its products through its infringing website.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a))

28. Plaintiff incorporates and realleges in full paragraphs 1 through 26 of this Complaint.

29. Defendant has infringed and continues to infringe upon Plaintiff's registered marks through the unauthorized use of Plaintiff's registered "iboats" and "iboats.com" marks for purposes of advertising, marketing, promoting, and conducting sales on its website www.iboatcovers.com.

30. Defendant's repeated use of Plaintiff's registered marks in its advertising, marketing, and promotional activities is causing confusion and likely to cause additional confusion with Plaintiff's marks and Plaintiff's services and business.

31. Defendant's repeated use of Plaintiff's registered marks in conducting sales is causing confusion and likely to cause additional confusion with Plaintiff's marks and Plaintiff's services and business.

32. Defendant's repeated use of Plaintiff's registered marks in connection with the same or similar goods and/or services and other commercial activities offered and conducted by Plaintiff is causing confusion and likely to cause additional confusion with Plaintiff's marks and Plaintiff's services and business.

33. Despite knowing of their infringement of Plaintiff's registered marks, Defendant continues to use Plaintiff's registered marks for purposes of advertising, marketing, promoting, and conducting sales by linking its website www.iboatcovers.com to Plaintiff's registered marks

as search terms such that searching "iboats" and "iboats.com" on Internet search engines such as Google, Yahoo, and Bing returns Defendant's infringing website as a highlighted sponsored site that appears at or near the top of the results list.

34. Defendant's conduct in using Plaintiff's registered marks is causing confusion and likely to cause additional confusion, mistake, or to deceive consumers of Plaintiff's business and services as to the true origin, source, sponsorship, approval, association, or affiliation of Defendant's goods and/or services.

35. Defendant's actions have caused and will cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's registered marks. Plaintiff will continue to be injured unless and until Defendant's conduct is permanently enjoined by this Court and Plaintiff has no adequate remedy at law to redress this continuing injury.

36. Defendant's actions have caused Plaintiff damages, including, without limitation, lost profits, harm to reputation and goodwill, and costs to remediate the unfair competition, confusion, and harm to goodwill and reputation caused by Defendant.

## SECOND CAUSE OF ACTION
**(False Representations of Fact and False Advertising in Violation of the Lanham Act, 15 U.S.C. § 1125)**

37. Plaintiff incorporates and realleges in full paragraphs 1 through 35 of this Complaint.

38. Defendant has misappropriated and used, in commerce, Plaintiff's registered marks in order to advertise, market, promote, and conduct sales related to their own goods and/or services.

39. Defendant has used and promoted the sale of Defendant's goods and/or services using false designations and descriptions so as to misrepresent the source, nature, and characteristics of Defendant's goods and/or services, all to Defendant's profit and at the expense of and damage to Plaintiff.

40. Defendant's conduct in using Plaintiff's registered marks is causing confusion and likely to cause additional confusion, mistake, or to deceive consumers of Plaintiff's business and services as to the true origin, source, sponsorship, approval, association, or affiliation of Defendant's goods and/or services.

41. Defendant's actions have caused and will cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's registered marks.  Plaintiff will continue to be injured unless and until Defendant's conduct is permanently enjoined by this Court and Plaintiff has no adequate remedy at law to redress this continuing injury.

42. Defendant's actions have caused Plaintiff damages, including, without limitation, lost profits, harm to reputation and goodwill, and costs to remediate the unfair competition, confusion, and harm to goodwill and reputation caused by Defendant.

## THIRD CAUSE OF ACTION
### (Trademark Dilution in Violation of the Lanham Act, 15 U.S.C. § 1125(c))

43. Plaintiff incorporates and realleges in full paragraphs 1 through 41 of this Complaint.

44. Plaintiff's registered marks are famous marks within the meaning of the Federal Trademark Dilution Act.

45. Defendant adopted and began using Plaintiff's registered marks after they became famous.

46. Defendant's adoption and use of Plaintiff's registered marks is likely to cause dilution within the meaning of the Federal Trademark Dilution Act.

47. Defendant's conduct in using Plaintiff's registered marks is causing confusion and likely to cause additional confusion, mistake, or impair the distinctive qualities of Plaintiff's registered marks by blurring Plaintiff's registered marks, goods, and services with those of Defendant.

48. Defendant's actions have caused and will cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's registered marks and Plaintiff's goods and services. Plaintiff will continue to be injured unless and until Defendant's conduct is permanently enjoined by this Court and Plaintiff has no adequate remedy at law to redress this continuing injury.

49. Defendant's actions have caused Plaintiff damages, including, without limitation, lost profits, harm to reputation and goodwill.

## FOURTH CAUSE OF ACTION
**(Cybersquatting on Plaintiff's Registered Marks, in Violation of the Lanham Act, 15 U.S.C. § 1125(d))**

50. Plaintiff incorporates and realleges in full paragraphs 1 through 48 of this Complaint.

51. Plaintiff owns the registered "iboats" and "iboats.com" marks.

52. Defendant registered, maintain, and use the domain name www.iboatcover.com, which misappropriates, uses, and is confusingly similar to Plaintiff's "iboats" and "iboats.com" marks.

53. Defendant intended to profit from its misappropriation and infringement of Plaintiff's "iboats" and "iboats.com" marks by obtaining customers through its use of the www.iboatcovers.com domain name.

54. Defendant's actions have caused and will cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's registered marks. Plaintiff will continue to be injured unless and until Defendant's conduct is permanently enjoined by this Court and Plaintiff has no adequate remedy at law to redress this continuing injury.

55. Defendant's actions have caused Plaintiff damages, including, without limitation, lost profits, harm to reputation and goodwill, confusion, and harm to goodwill and reputation caused by Defendant.

**FIFTH CAUSE OF ACTION**
**(Cybersquatting on Plaintiff's Registered Marks,**
**in Violation of Utah Code Ann. § 70-3a-309)**

56. Plaintiff incorporates and realleges in full paragraphs 1 through 26 and 49-54 of this Complaint.

57. Defendant violated Utah Code Ann. § 70-3a-309 by registering, acquiring, and using the www.iboatcovers.com domain name with the bad faith intent to profit from such use.

58. Defendant's actions have caused and will cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's registered marks. Plaintiff will continue to be injured

unless and until Defendant's conduct is permanently enjoined by this Court and Plaintiff has no adequate remedy at law to redress this continuing injury.

59. Defendant's actions have caused Plaintiff damages, including, without limitation, lost profits, harm to reputation and goodwill, confusion, and harm to goodwill and reputation caused by Defendant.

### SIXTH CAUSE OF ACTION
**(Unfair Competition in Violation of Utah's Unfair Competition Act, Utah Code Ann. § 13-5a-101 to -103)**

60. Plaintiff incorporates and realleges in full paragraphs 1 through 58 of this Complaint.

61. In conducting its business, Defendant intentionally engaged in unlawful and unfair acts and practices by misappropriating and infringing on Plaintiff's registered marks and confusingly similar marks in Defendant's advertising, marketing, and promotional activities as described in this Complaint.

62. Defendant also intentionally engaged in unlawful and unfair business acts by misappropriating and infringing on Plaintiff's registered marks and confusingly similar marks, as described in this Complaint, in conducting sales and similar events in direct competition with Plaintiff's business and services.

63. Defendant has materially diminished the value of Plaintiff's intellectual property, including its registered marks, common law trademarks, business methods, and goodwill, by misappropriating and infringing on Plaintiff's registered marks and confusingly similar marks.

64. Defendant's actions in violation of Utah's Unfair Competition Act have caused Plaintiff damages and, as a result, Plaintiff is entitled to all damages available to it under the

Unfair Competition Act, including actual damages, costs and attorney's fees, and punitive damages.

### SEVENTH CAUSE OF ACTION
**(Common Law Unfair Competition)**

65.  Plaintiff incorporates and realleges in full paragraphs 1 through 63 of this Complaint.

66.  Plaintiff's service marks are distinctive and have developed secondary meaning in the relevant consumer market in that consumers have come to know and recognize Plaintiff's service marks and variations of Plaintiff's marks as synonymous with Plaintiff's business and services as distinguished from Plaintiff's competitors and other business entities in the boating and marine industry.

67.  Plaintiff's marks have become known by relevant consumers as indicative of the uniform high quality of products and services provided by Plaintiff and Plaintiff's name, trademarks, and service marks have developed and acquired an outstanding level of goodwill among the relevant consumer class.

68.  Defendant has infringed on Plaintiff's service marks and similar marks as described herein.  Defendant's acts were and, upon information and belief, are being committed with the intent and purpose of trading upon the goodwill and reputation associated with Plaintiff, its service marks and confusingly similar marks.

69.  Defendant's actions have caused and will cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff service marks.  Plaintiff will continue to be injured unless and until Defendant's conduct is permanently enjoined by this Court and Plaintiff has no adequate remedy at law to redress this continuing injury.

70.     Defendant's actions have caused Plaintiff damages, including, without limitation, lost profits, harm to reputation and goodwill, and costs to remediate the unfair competition, confusion, and harm to goodwill and reputation caused by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order and Judgment:

1. Ordering that, pursuant to 15 U.S.C. § 1117, Defendant be required to:

    a. Account to Plaintiff for any and all benefits or profits derived by Defendant from the use of Plaintiff's registered marks, or any forms of advertisement, including the sale of any and all products associated with any of Plaintiff's registered marks or confusingly similar marks, and for all damages suffered by Plaintiff by reason of the acts of infringement, unfair competition, dilution, and other causes of action and conduct complained of in this Complaint;

    b. Pay to Plaintiff the amount equal to Defendant's profits made by Defendant's unfair competition and passing off of Plaintiff's services and the damages sustained by Plaintiff and the costs necessary to remediate the effects of Defendant's unfair competition and passing off of Plaintiff's services;

    c. Pay to Plaintiff three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the nature of Defendant's conduct;

    d. Pay to Plaintiff, on its election, statutory damages of up to $100,000 for their violation of 15 U.S.C. § 1125(d);

       e.     Turn over the domain name www.iboatcovers.com to Plaintiff;

       f.     Reimburse Plaintiff for all costs of this action, including pre- and post-judgment interest as allowed by law; and

       g.     Reimburse Plaintiff for any and all reasonable attorney's fees incurred as a result of Defendant's unfair competition.

2. Pursuant to Utah Code Ann. § 70-3a-402:

       a.     Pay to Plaintiff its actual damages as a result of the infringement and Defendant's profits as a result of the infringement or, at Plaintiff's election, statutory damages in an amount up to $100,000.

       b.     Reimburse Plaintiff for all costs of this action; and

       c.     Reimburse Plaintiff for any and all reasonable attorney's fees incurred as a result of Defendant's infringement.

3. Ordering that all advertisements, promotional materials, marketing materials, or other items in Defendant's possession or under Defendant's control bearing any name or mark containing Plaintiff's registered marks, any confusingly similar marks, and all items or means for making the same, shall be delivered to Plaintiff or destroyed.

4. Ordering that Defendant remove all advertisements, marketing materials, and promotional materials that include Plaintiff's registered marks, or confusingly similar marks from their websites and any third-party websites with which Defendant has accounts.

5. Ordering that Defendant be enjoined from making or placing further advertisements or other promotional or marketing materials using Plaintiff's registered marks, and any confusingly similar marks.

      6.      Ordering that, under Utah law, Defendant shall pay actual and punitive damages, together with fees and costs of this action.

      7.      Ordering that Plaintiff be awarded other and further relief as the court may deem just and proper.

DATED: December 7, 2012.          PIA ANDERSON DORIUS
                                                            REYNARD & MOSS

                                                            /s/ Joseph G. Pia
                                                            Joseph G. Pia
                                                            *Attorneys for Plaintiff iboats, Inc.*